U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
NOV - 7 2023
CLERK, U.S. DISTRICT COURT
By_____ Deputy

NUMBER: .RV-1330.18 (b)
DATE: July 13, 2021
SUBJECT: Administrative Remedy Procedures for Inmates

2-23CV-182-Z

ATTACHMENT A

## INFORMAL RESOLUTION - ADMINISTRATIVE REMEDY (BP-8)

TO: _____ (Unit Counselor)

_____ (Unit)

1. Briefly state your complaint. Include all details and facts which support your request and the date on which the complaint occurred.

This is a civil rights complaint against AW Breadsley and Case Manager Morin at FCI Three Rivers for being deliberately indifferent by ignoring my request to be moved to another unit and/or cell for my safety. My cellmate has threatened to inflict serious bodily harm upon me, and I am in serious danger if not moved immediately. Please refer to page 1 of the continuation page attached.

2. What action are you requesting to resolve your complaint?

Therefore, I request 1. That I be moved to another unit and/or cell immediately. 2. That I be removed from the imminent threat of violence immediately. Please refer to page 3 of the continuation page attached.

3. What have you done and who have you spoken to regarding your complaint?

On the morning of October 27th, I asked AW Breadsley at Mainline to move me from Jim Wells A cell 214 over to Nuc.-B cell 101, in order to protect my safety. Please refer to the "Facts" section of the continuation page attached on page 1.

Inmate Name: Steven Tyler Tracy    Register No.: 60497-177

Unit _____

**RETURN THE COMPLETED FORM TO YOUR COUNSELOR**

---

DO NOT WRITE BELOW THIS LINE

---

4. RESPONSE BY STAFF MEMBER    Date Received From Inmate _____

_____
_____
_____
_____

Responding Staff Member Name/Title _____ Date _____

Unit Manager Signature _____ Date Reviewed _____

Date Returned to Inmate _____

Administrative Remedy (BP-9) Requested or Issued: Yes _____ No _____

[CONTINUATION PAGE FOR INFORMAL RESOLUTION ATTEMPT - BP-8]
Name: Steven Tyler Tracy  Reg. No. 60497-177
Assisted by Cecilia @ Columbia



This is a civil rights complaint against AW Breadsley and Case Manager Morin at FCI Three Rivers for being deliberately indifferent by ignoring my request to be moved to another unit and/or cell for my safety. My cellmate has threatened to inflict serious bodily harm upon me, and I am in serious danger if I am not moved immediately. Due to my critical medical condition, I am unable to defend myself against any violence. I made staff aware of my situation and asked to be moved, but they refused, violating both the BOP Handbook and my 8th Amendment right to protection from cruel and unusual punishment.

<u>Facts:</u>

I have had a hernia since 2019. After leaving state prison on March 25, 2022 I was placed in federal custody. I started off at FCI El Reno Prison. At El Reno, I had athletic support but the staff refused to give me medication for the pain, telling me they do not do surgery for that unless the hernia was to burst. I then moved to USP Pollock on January 6, 2023. The staff at Pollock took my athletic support and medication from me and told me I had to see a provider but never helped me to see one. I got to Three Rivers on September 19, 2023 and two days later went to medical for my hernia. Dr. Mank sat there twisting and pushing the one of the organs inside of me which was bulging out and tried to get it inside my body properly. He asked me to try but I refused. He then sent me to Pleasanton Hospital. There I had a CT scan showing my hernia was wrapped around my intestines and I needed emergency surgery. They had to pump my stomach out and then I was rushed by ambulance to San Antonio where they performed the surgery.

After the surgery, and right before I left the hospital on 09-24-2023, I was told by Dr. Palafox that if my incision came open, started bleeding, pussing, or my pain increased, I was to inform the medical staff immediately. Dr. Palafox also wanted to prescribe me a narcotic for the pain but FCI Three Rivers refused it. After I was returned to Three Rivers I was immediately placed back into G.P. I could barely walk and was in extreme pain. Every single time I get up or move my legs my entire lower body burns and throbs. I also worried for my safety in case something violent happened in the prison and I would not be able to run away or protect myself.

On October 25th, my cellmate and I got into a serious disagreement, in which he threatened my life. He made it clear to me that he would inflict serious bodily harm if I didn't get away from him immediately. I believe that I am in serious danger, so, on the morning of October 27th, I asked AW Breadsley at Mainline to move me from Jim Wells A cell 214 over to Mac-B cell 101, in order to protect my safety. I have a friend from my city in that unit, so I would feel a lot safer. When I asked if he cared about my safety, he replied, "I do." However, he went on to say that he doesn't care to move me, nor is he going to. AW Breadsley said that "it's up to the unit manager and case manager," and that "he is not going to step on his co-worker's dicks." That same day, I went to Case Manager Morin and asked to be moved to the other unit. He responded that they do not do any moving. I also explained my medical issues, my recent surgery, and that I am unable to defend myself if something were to happen. Case Manager Morin responded, "If you got a problem, you can go check in [to the SHU]." I live in constant fear of imminent harm from

1

[CONTINUATION PAGE FOR INFORMAL RESOLUTION ATTEMPT – BP-8]
Name: Steven Tyler Tracy Reg. No. 60497-177
Assisted by Cecilia @ Columbia



my cellmate. As of right now, I can't sleep safely or exist in my cell without the threat of death, as he reminds me everyday.

**Ground for relief:**

1. According to the BOP Handbook on page 35, Right number one states, "You have the right to expect that you will be treated in a respectful, impartial, and fair manner by all staff."
2. The 8th amendment of the U.S. Constitution prohibits "cruel and unusual punishment" and imposes a duty on prison officials to "protect prisoners from violence at the hands of other prisoners."
3. BOP Standards of Employee Conduct, Nature of Offense #7 "Inattention to duty"
4. BOP Standards of Employee Conduct, Nature of Offense #15 "Endangering the safety of or causing injury to staff, inmates, or others through carelessness or failure to follow instructions"
5. BOP Standards of Employee Conduct, Nature of Offense #16 "Giving an inmate an order that could be hazardous to health and safety"

**Argument:**

The Constitution "does not mandate comfortable prisons," but neither does it permit inhumane ones. In its prohibition of "cruel and unusual punishments," the Eighth Amendment to the United States Constitution imposes duties on prison officials who must ensure that people in prison receive "adequate food, clothing, shelter, and medical care" and must take reasonable measures to guarantee prisoners' safety.

As stated in the BOP Handbook, my right to be treated in a "respectful, impartial, and fair manner" by all staff has been wholly denied. The staff at FCI Three Rivers, specifically AW Breadsley and Case Manager Morin, are aware of and have acknowledged the danger of my situation. Despite the gravity of my pleas, they refuse to take my words seriously. It is their duty to do so. This signifies a blatant staff violation, namely, "Inattention to Duty", cited in the Standards of Employee Conduct (#7). Staff carelessness is endangering my safety, leaving me in the direct threat of violence – another violation of Employee Conduct (#15). Their knowledge of my risk and intentional lack of action displays deliberate indifference. They have expressed a lack of care towards my warnings, thus violating my 8th amendment right to be protected from violence. I have been denied any help whatsoever, as I currently live under the agonizing condition of fear and intimidation. The staff's response to my situation is abhorrent.

Case Manager Morin offered me two options: to continue suffering under the terrorizing threats of my cellmate, or to check myself into the SHU. On both accounts, he has trampled my fundamental rights. As stated above, his failure to move me displays a glaring disregard for my safety and protection. Further, his suggestion to check myself into the SHU is another employee violation (#16) – " giving an inmate an order that could be hazardous to health and safety."

2

**[CONTINUATION PAGE FOR INFORMAL RESOLUTION ATTEMPT - BP-8]**
Name: Steven Tyler Tracy  Reg. No. 60497-177
Assisted by Cecilia @ Columbia



Checking myself into the SHU is cruel and unusual punishment. It is physically and psychologically inhumane treatment. Why should I have to torture myself due to the staff's deliberate inaction? Why should I surrender my 8th amendment right to be free from "cruel and unusual" punishment, due to staff's failure to carry out their duties? The choice that Case Manager Morin has offered to me is absolutely deplorable, and it is a flagrant dismissal of my fundamental rights.

<u>**Therefore, I request**</u>
1. <u>**That I be moved to another unit and/or cell immediately**</u>
2. <u>**That I be removed from the imminent threat of violence immediately**</u>

3

FCM LG ENV
NEW YORK, NY 10027
NOV 02, 2023

**$5.94**

R2305K132588-03



79101

RDC 99

RECEIVED
NOV - 7 2023
CLERK U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS

102

7022 0410 0002 0767 8068

The Remedy Project
8 W. 126th Street
New York, NY 10027

Judge Matthew J. Kacsmaryk
205 SE 5th Avenue, Room 123
Box F-13248
Amarillo, Texas 79101-1559